KEELEY, District Judge,
coneurringin-part and dissenting-in-part:
I concur in Parts I, II and III of the majority’s opinion holding that Nicholson has met his burden of establishing that his attorney’s actual conflict of interest adversely affected his representation of Nicholson. I also concur in the decision to grant Nicholson relief under 28 U.S.C. § 2255. I respectfully dissent, however, from the direction to assign a new judge to resentence Nicholson.
At Nicholson’s initial sentencing, the district court adopted the pre-sentence report (“PSR”), which recommended a base offense level of 30 and a criminal history category of VI. These factors placed Nicholson in a guideline range of 168-210 months, with a mandatory minimum sentence of 180 months.[1] Ultimately, the district court sentenced Nicholson to 189 months. Therefore, today’s decision leaves the sentencing judge with a narrow, nine month window of discretion in which to resentence Nicholson.[2] For the following reasons, I believe that this Court may entrust the responsibility of resentencing Nicholson to the trial judge.
First, the district court has proven willing to implement this Court’s decisions regarding Babineau’s conflict of interest and its impact upon Nicholson’s eligibility for relief under § 2255. The district court ably reheard Nicholson I on remand, finding, despite its prior ruling and as directed by this Court, that Babineau suffered an *219 actual conflict of interest. After finding that Babineau suffered an actual conflict, it then applied the relevant authority, Mickens v. Taylor, 240 F.3d 348 (4th Cir.2001) (en banc), as commonly understood at that time. In doing so, the district court found that Nicholson had satisfied the first part of the Mickens test by concluding that “[t]here existed ‘a plausible alternative defense strategy or tactic that [Babineau] might have pursued.’” Remand Opinion at 38 (quoting Mickens, 240 F.3d at 361). Although the district court erroneously found that Nicholson could not establish either the second or third parts of the Mickens test, it did so without the benefit of today’s clarifications of that test. Based on the district court’s willingness to accept and apply prior decisions in this case, it should be given the chance to apply today’s decision on remand, just as it did in Nicholson I.
Second, notwithstanding the district court’s prior decisions in this case, it is nonetheless capable of resentencing Nicholson on the evidence of the threats of Butts to Nicholson’s life, and reaching a reasonable sentence based not only on a motion for departure for self-defense, but also the factors under 18 U.S.C. § 3553(a). To be sure, as the majority recognizes, there is no dispute that the district judge is willing to treat Nicholson fairly. Ante at 217. Therefore, this case is vastly different from the case relied on by the majority in support of its decision to remove the district judge on remand. There the district judge “repeatedly adhered to an erroneous view after the error [was] called to his attention,” thus necessitating reassignment to another judge. United States v. Guglielmi, 929 F.2d 1001, 1004, 1007 (4th Cir.1991). In addition, the district judge had expressed on the record his inability to forget the egregious nature of the evidence presented at trial. Id. at 1006. Here, in contrast, the district court has shown itself not only capable of applying this Court’s rulings but also willing to revise its own assessment of the facts relevant to sentencing.
For the foregoing reasons, I would remand this case to the trial judge.

. "Based on his criminal history, Nicholson was sentenced as an armed career criminal under 18 U.S.C. § 924(e).” U.S. v. Nicholson, 475 F.3d 241, n. 6 (4th Cir.2007) (“Nicholson I”). He therefore faced a mandatory minimum sentence of 180 months and a maximum sentence of life. Id.

. Nicholson pleaded guilty to possession of a firearm and ammunition by a felon, in violation of §§ 922(g)(1), 924(a)(2) and 924(e). Nicholson, 475 F.3d at 246. Because Nicholson possessed a firearm in connection with the offense, he is ineligible for the "safety valve” limitation of applicability of statutory minimum sentences. U.S.S.G. § 5C1.2 (Nov. 2009).